UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE DEXTER HAMILTON, } | |
| Petitioner, } | |
| v. } | Case No.: 2:16-cv-08159-RDP |
| } | 2:07-cr-00475-RDP-TMP |
| UNITED STATES OF AMERICA, } | |
| Respondent. } | |

## MEMORANDUM OPINION

After pleading guilty to a federal charge of possessing a firearm as a felon, Tyrone Dexter Hamilton received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Docs. # 1, 6). Pursuant to 28 U.S.C. § 2255, Hamilton now moves to vacate, set aside, or correct his sentence on the grounds that he should not have qualified for enhanced penalties under the ACCA. (Docs. # 1, 6). The motion has been fully briefed (*see* Docs. # 1, 6, 11), and is ripe for review. After careful review, and for the reasons explained below, the court denies Hamilton's motion.

In November 2007, Hamilton was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty in February 2008. Because Hamilton had two prior Alabama convictions for third-degree robbery, one prior Alabama conviction for first-degree assault, and another prior Alabama conviction for second-degree assault, the court determined Hamilton qualified for a mandatory-minimum provision of the ACCA. That statutory provision requires a 180-month sentence for any person convicted of violating § 922(g)(1) if that person "has three previous convictions … for a violent felony or a

serious drug offense, or both." 18 U.S.C. § 924(e)(1). After determining Hamilton's four prior convictions each qualified as a "violent felony" under the ACCA, the court sentenced Hamilton to 180-months of imprisonment and 48-months of supervised release in accordance with the ACCA's enhanced penalties provision for § 922(g)(1) violations. If not for that provision, Hamilton would have faced a maximum sentence of 120 months.

On November 14, 2016, Hamilton filed this motion, arguing in light of *Johnson v. United States*, 576 U.S. 591 (2015), that his prior convictions for third-degree robbery and second-degree assault no longer qualify as violent felonies under the ACCA.[1] (Doc. # 1). According to Hamilton, once those three convictions are no longer deemed predicate offenses, his 180-month sentence exceeds the maximum authorized by law.

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element of use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). *See United States v. Hunt*, 941 F.3d 1259, 1261 (11th Cir. 2019). In *Johnson*, the Court held the residual clause unconstitutional but left the other clauses intact. *Johnson*, 576 U.S. at 606 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony.").

---

[1] Hamilton has not argued whether his conviction for first-degree assault fails to qualify as a predicate offense. (Docs. # 1, 6). Because the burden of proof is on the petitioner in a § 2255 case, and because he has not made that assertion, the court need not address whether his first-degree assault conviction qualifies as a predicate offense. *See LeCroy v. U.S.*, 739 F.3d 1297, 1322 (11th Cir. 2014) ("The burden of proof [] on a § 2255 petition belongs to the petitioner.").

Hamilton asserts his prior convictions for third-degree robbery fall under the now-invalid residual clause. But under Eleventh Circuit precedent, which is binding on this court, convictions under Alabama's robbery statute constitute predicate offenses under the ACCA's elements clause because they require showing the defendant used "force with the intent to overcome the physical resistance of another." *Hunt*, 941 F.3d at 1262; *see also in re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018). Therefore, Hamilton's two convictions for third-degree robbery fall under the elements clause and were properly deemed predicate offenses for purposes of the ACCA.

As mentioned above, Hamilton does not argue that his conviction for first-degree assault falls under the residual clause. Accordingly, this court finds Hamilton has been convicted of three predicate offenses: one conviction for first-degree assault and two convictions for third-degree robbery. Because § 924(e)(1) requires three predicate offenses, and Hamilton has been convicted of three predicate offenses, this court concludes Hamilton was correctly given an enhanced sentence under the ACCA. And, because deciding whether Hamilton's conviction for second degree assault constitutes a violent felony would not affect this conclusion, this court need not determine whether Hamilton's conviction for second-degree assault is a violent felony under the ACCA.

For all the foregoing reasons, Petitioner's Motion (Doc. # 1) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 24, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE